JAMES TILLINGHAST *et al.,* Appts., *vs.* BROWN UNIVERSITY *et al.*

PROVIDENCE—JUNE 27, 1903.

PRESENT: Tillinghast, Dubois, and Blodgett, JJ.

(1)   *Executors.   Release.   Accounting.*

Executors conveyed to residuary legatees all of an estate in their hands, and thereupon the residuary legatees executed an agreement, discharging the executors from all claims, "excepting what claim there may be, if any, against (the executors) on account of any loss that may come on the claim of $8,949 against the estate of C." Subsequently a decree of

the Probate Court was entered requiring the executors to file an inventory and to settle their account with the estate. On appeal:—

*Held*, that the release was a full discharge of the executors from all liability until the estate of C. should be settled and the loss ascertained.

*Held*, further, that, as the estate had not yet been settled, the proceeding was premature and the decree would be reversed.

Per Curiam. The court is of the opinion that the construction which Mr. Justice Douglas put upon the release given by the appellees to the appellants, who are the surviving executors of the will of John Wilson Smith—which release is set out in the record—is the natural and proper construction to be put thereon, and hence that the decision of Mr. Justice Douglas was right.

The release was evidently intended to be a full discharge of the appellants from all liability until the estate of Cranston should be settled and the loss from that estate ascertained. And as that estate is not yet settled, the loss "that may come" therefrom cannot now be determined. The proceeding before us, therefore, is premature, as held by Mr. Justice Douglas, and we adopt his decision as the opinion of the court.

Petition for new trial denied.

## Decision.

Douglas, J. This is an appeal by the two surviving executors of the will of John Wilson Smith, late of Providence, deceased, from a decree of the Municipal Court of the city of Providence, entered September 13, 1901, requiring these executors to file an inventory of said estate and to settle their account with the said estate. Their co-executor, Henry C. Cranston, died insolvent May 27, 1896, having in his possession at that time the sum of $8,901.95 belonging to the estate. It is agreed that this sum is the property of the appellees, who are residuary legatees under the will, all previous claims under the will having been satisfied.

The only question, therefore, before the court is whether the surviving executors ought to account to the residuary

legatees for the money which was in Cranston's hands at his death. .

This claim is resisted upon four principal grounds.

First.    That by a certain agreement made by and between the residuary legatees and the surviving executors, June 25, 1897, the residuary legatees released these executors from all claims excepting a disputed liability to account for and make good any ultimate loss which should accrue on the final settlement of Cranston's estate; *i. e.*, for so much of the amount in Cranston's hands at his death as his estate should not pay when it should be finally wound up.

Secondly.    That by an agreement between the parties made in April, 1893, the residuary legatees released these executors from any further management of or responsibility for the assets of the estate, and appointed Mr. Cranston their agent in the premises; and that the moneys left in Cranston's hands came to him as such agent for the residuary legatees, and not as co-executor with the appellants.

Thirdly.    That the balance left in Cranston's hands consisted of proceeds of sales of real estate and rents, for which an executor is not accountable in a Probate Court.

Fourthly.    That, under the provisions of the will and the statute law of Rhode Island, these executors are not liable to file an inventory or render an account such as is here ordered.

The first defence is in the nature of a plea in abatement, and, if tenable, requires that the decree ordering an accounting at the present time shall be reversed.    The appellants urge, and the testimony shows, that the Cranston estate is not fully distributed.    Two dividends have been paid to the creditors, and more may be expected.    On the 25th of June, 1897, these executors, "having paid all the special legacies bequeathed by said will, and having otherwise fully settled said estate, except the final distribution thereof," in fulfillment of and in accordance with an agreement of distribution executed by the residuary legatees upon the same day, conveyed to these residuary legatees all of the estate then actually in their hands or under their control, and at the same time rendered to said residuary legatees their accounts with

said estate, and thereupon the said residuary legatees executed and delivered to these executors the receipt and agreement on which they now rely, in the words and figures following:

"KNOW ALL MEN BY THESE PRESENTS, that Brown University, The Providence Public Library and the Rhode Island Hospital, three corporations duly established under the laws of the State of Rhode Island, and being the three residuary legatees under the will of John Wilson Smith, late of Providence, in said State, hereby acknowledge to have received from James Tillinghast of said Providence, and Richard H. Dana, of Cambridge, in the county of Middlesex and Commonwealth of Massachusetts, the surviving executors and trustees under said will, all the residue of the estate under said will, and hereby also, being hereunto duly authorized, discharge and release said Tillinghast and Dana, their heirs, executors and administrators from all legacies, claims, debts and demands of any nature whatever, excepting whatever claim there may be, if any, against the said Tillinghast and Dana on account of any loss that may come on the claim of $8,949.00 against the estate of Henry C. Cranston, late of Providence, and lately the managing executor and trustee under said will, and said corporations are to have to November 1st, 1897, to examine and approve the accounts of said executors and unless notice in writing before November 2nd, 1897, is given to said surviving executors of exception to said accounts, said accounts will then be held as approved excepting as to said possible claim before mentioned. Neither the said Tillinghast nor Dana admit, by accepting this receipt and discharge, or in any other way, the validity of said claim against them, but on the contrary they both deny the same and the said Dana hereby constitutes and appoints the said Tillinghast his attorney to accept service for him in any proceeding at law or equity said corporations may bring against him on account of said claim, depositing with said Tillinghast the sum of $1.00 and the said corporations further agree that in using the names of said executors or either of them in prosecuting any claim assigned to them from said estate they

will hold the said Tillinghast and Dana free from any costs.

"In Witness Whereof said Brown University, Providence Public Library and Rhode Island Hospital have caused their corporate seals to be affixed hereto and these presents to be signed in their names and behalf, by the undersigned officers duly authorized this 25th day of June, 1897.

> "Brown University,
>> "By Arnold B. Chase, Treasurer.   [Seal]
> "Providence Public Library,
>> "By Thomas Durfee, Treasurer.   [Seal]
> "Rhode Island Hospital,
>> "By John W. Danielson, Treasurer.   [Seal]
> "Richard H. Dana."  [Seal]

(1)    The time limited in this agreement for the examination of these accounts elapsed, and neither during that time nor since have the residuary legatees made any objection to them. It is therefore undisputed that the only item open to controversy between the parties is the claim against the estate of Cranston, and the only question not settled by the parties is whether or not these executors are responsible for that claim.

Whatever may be finally decided as to the responsibility of these executors in the premises, I think the obvious meaning of the agreement is that such responsibility shall be limited to make good to the estate any loss that may finally accrue to the estate of John Wilson Smith upon the complete settlement of the estate of Henry C. Cranston; and that, consequently, these executors cannot be required to account further until the amount of such loss can be ascertained.

The language of the receipt, it seems to me, can bear no other construction. The claim excepted from the release is not "whatever claim these legatees may have to hold these executors responsible for the sum of money belonging to the estate which was deposited with the late Henry C. Cranston at the time of his death," but it is "whatever claim there may be, if any, against the said Tillinghast and Dana on

account of any loss that may come on the claim of $8,949.00 against the estate of Henry C. Cranston, late of Providence, and lately the managing executor and trustee under said will." In releasing these executors from everything except accountability for loss, the residuary legatees have released them from accounting until such loss can be ascertained.

It hardly requires a citation of cases to support the proposition that it is within the power of the only persons interested in the estate to release the executors from a liability to account, or from any other liability owed solely to themselves. The cases cited by the appellants, however, fully sustain this doctrine.

*In re Pruyn's Will,* 36 N. E. (N. Y.) 595; *In re Wagner's Estate,* 23 N. E. (N. Y.) 200; *Harlan's Estate,* 16 Pa. Co. Ct. Rep. 51; *Murrel* v. *Murrel,* 49 Am. Dec. (S. C.) 664.

Having arrived at this conclusion, I cannot consider the other defences, as any decision of the questions raised would be premature at this stage of the proceedings.

The decree ordering an inventory and account must be reversed.